# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: DISH WIRELESS L.L.C. COMMUNICATION
TOWERS CONTRACT LITIGATION**                                      MDL No. 3182

### ORDER GRANTING IN PART MOTION TO FILE UNDER SEAL
### AND LIFTING SUSPENSION OF RULE 6.2(D) OBLIGATION

Defendant DISH Wireless L.L.C. (DISH) has moved to file under seal portions of three exhibits filed with its motion for centralization. *See* ECF No. 6. The exhibits are complaints that are either sealed by order of the transferor court or subject of a pending motion to seal and redacted on the transferor court's public docket. The sealed portions of the complaints relate to contracts between DISH and the plaintiffs in each action that, DISH maintains, contain highly sensitive business information, the disclosure of which would prejudice both DISH and plaintiffs. DISH has filed redacted copies of these complaints with the Panel, but it seeks to be excused from the requirement in Panel Rule 3.4(b) that it serve the unredacted complaints on all parties to the motion for centralization. No party has responded to DISH's motion to seal.

DISH has shown good cause for restricting access to the redacted portions of the three exhibits, as well as good cause for modifying the service requirements of Panel Rule 3.4(b). Accordingly, DISH's motion is **GRANTED IN PART**:

1. The unredacted copies of the three exhibits (ECF Nos. 7, 8, and 9) shall be sealed.

2. DISH shall serve the unredacted copies of the sealed exhibits on counsel for the other parties in this MDL. DISH shall mark the unredacted copies as **"Confidential – Attorneys' Eyes Only."** DISH shall file a proof of service with the Panel listing the counsel served with the sealed exhibits.

3. Counsel for the other parties shall not disclose the sealed exhibits or the contents thereof to anyone except for such co-counsel, paralegals, stenographic, and/or clerical staff employed by such counsel, or used as independent contractors by such counsel, to whom it is reasonably necessary to disclose the information for purposes of this litigation. Counsel shall take all reasonable steps to limit access to the confidential information in the sealed exhibits to authorized persons. Counsel are not restricted from rendering advice to their clients with respect to this matter, provided that in the rendering of such advice, counsel shall not disclose the confidential information in the sealed exhibits.

- 2 -

4.  DISH is excused from otherwise serving unredacted versions of the sealed exhibits on the parties.

5.  The Panel will consider any future filings, including notices of potential tag-along actions, on an individual basis so as to limit unnecessary sealing of documents on the Panel's docket.  Any party who files a document in this matter that contains confidential information from the redacted portions of the sealed exhibits, or which otherwise contains confidential information, shall follow the procedures set forth in Rule 3.4 (that is, they should file a redacted version of the document on the public docket with a motion to seal the redacted document).

6.  The parties shall inform the Panel promptly if any transferor court orders the complaints in the sealed exhibits to be unsealed or denies a pending motion to seal.

IT IS FURTHER ORDERED that the Minute Order Suspending Rule 6.2(d), ECF No. 11, is **VACATED**.  The parties shall resume notifying the Panel of potential tag-along actions.  If a potential tag-along action contains confidential information, the Notice should be filed with a Motion to Seal, following the procedures set forth in Rule 3.4 and this order.

Marcella R. Lockert
Acting Clerk of the Panel